Billy MAYBERRY, Petitioner–Appellant,

v.

E. ROE, WARDEN, Respondent–Appellee.

No. 02–55233.

D.C. No. CV–98–02169–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2002.*

Decided Dec. 13, 2002.

Before WALLACE, MCKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Billy Mayberry appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mayberry challenges his 1995 jury conviction for second degree murder, with an enhancement for use of a firearm, for which he was sentenced to a term of 20 years to life imprisonment. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's dismissal of a petition for writ of habeas corpus, see Schell v. Witek, 218 F.3d 1017, 1022 (9th Cir.2000) (en banc), and we affirm.

Mayberry argues that the California trial court violated his Sixth Amendment right to counsel by denying his two pretrial motions to substitute counsel. We disagree.

Both of Mayberry's motions to substitute counsel were made less than two weeks before the scheduled start of trial. Granting either motion would have required a continuance of at least another month. However, as both the district court and California Court of Appeal noted, numerous continuances had already been granted in Mayberry's case, delaying the start of his trial by almost a year. Neither appointed counsel, nor proposed substitute retained counsel, complained of any kind of conflict or lack of communication or gave the court any reason as to why Mayberry sought the substitution, other than Mayberry's apparent preference for substitute counsel.

Considering these factors, there was no abuse of discretion in the state trial court's

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, Mayberry's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

denial of Mayberry's two motions to substitute counsel based on its refusal to grant a continuance. *See United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir.1979) (noting that when defendant's Sixth Amendment right to counsel is implicated in denial of continuance, a court must balance and consider several factors, including whether other continuances had been granted and whether legitimate reasons existed for the delay). Because the state court decision was neither contrary to, or an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts, the district court did not err in determining that Mayberry is not entitled to relief. *See* 28 U.S.C. § 2254(d).

AFFIRMED.[1]

1. Mayberry's untimely request to broaden the certificate of appealability ("COA") is denied. Accordingly, we decline to entertain Mayberry's argument that the trial court erred in failing to sua sponte instruct the jury on the elements of involuntary manslaughter. *See* 9th Cir. R. 22–1(d).

All other outstanding motions and requests are denied.